# No. 25-1961

## UNITED STATES COURT OF APPEALS
### FOR THE FIRST CIRCUIT

MUNICIPALITY OF BAYAMÓN, on its behalf and on behalf of others similarly situated; MUNICIPALITY OF CAGUAS, on its behalf and on behalf of others similarly situated; MUNICIPALITY OF LOÍZA, on its behalf and on behalf of others similarly situated; MUNICIPALITY OF LARES, on its behalf and on behalf of others similarly situated; MUNICIPALITY OF BARRANQUITAS, on its behalf and on behalf of others similarly situated; MUNICIPALITY OF COMERÍO, on its behalf and on behalf of others similarly situated; MUNICIPALITY OF CAYEY, on its behalf and on behalf of others similarly situated; MUNICIPALITY OF LAS MARÍAS, on its behalf and on behalf of others similarly situated; MUNICIPALITY OF TRUJILLO ALTO, on its behalf and on behalf of others similarly situated; MUNICIPALITY OF VEGA BAJA, on its behalf and on behalf of others similarly situated; MUNICIPALITY OF AÑASCO, on its behalf and on behalf of others similarly situated; MUNICIPALITY OF CIDRA, on its behalf and on behalf of others similarly situated; MUNICIPALITY OF AGUADILLA, on its behalf and on behalf of others similarly situated; MUNICIPALITY OF AIBONITO, on its behalf and on behalf of others similarly situated; MUNICIPALITY OF MOROVIS, on its behalf and on behalf of others similarly situated; MUNICIPALITY OF MOCA on its behalf and on behalf of others similarly situated; MUNICIPALITY OF BARCELONETA, on its behalf and on behalf of others similarly situated; MUNICIPALITY OF CAMUY, on its behalf and on behalf of others similarly situated; MUNICIPALITY OF CATAÑO, on its behalf and on behalf of others similarly situated; MUNICIPALITY OF SALINAS, on its behalf and on behalf of others similarly situated; MUNICIPALITY OF ADJUNTAS, on its behalf and on behalf of others similarly situated; MUNICIPALITY OF ARROYO, on its behalf and on behalf of others similarly situated; MUNICIPALITY OF CULEBRA, on its behalf and on behalf of others similarly situated d; MUNICIPALITY OF DORADO, on its behalf and on behalf of others similarly situated;

MUNICIPALITY OF GUAYNABO, on its behalf and on behalf of others similarly situated; MUNICIPALITY OF HORMIGUEROS, on its behalf and on behalf of others similarly situated; MUNICIPALITY OF JUNCOS, on its behalf and on behalf of others similarly situated; MUNICIPALITY OF LAJAS, on its behalf and on behalf of others similarly situated; MUNICIPALITY OF MANATÍ, on its behalf and on behalf of others similarly situated; MUNICIPALITY OF NAGUABO, on its behalf and on behalf of others similarly situated;, MUNICIPALITY OF NARANJITO, on its behalf and on behalf of others similarly situated; MUNICIPALITY OF UTUADO, on its behalf and on behalf of others similarly situated; MUNICIPALITY OF VILLALBA, on its behalf and on behalf of others similarly situated; MUNICIPALITY OF COAMO, on its behalf and on behalf of others similarly situated; MUNICIPALITY OF OROCOVIS, on its behalf and on behalf of others similarly situated; MUNICIPALITY OF VIEQUES, on its behalf and on behalf of others similarly situated; MUNICIPALITY OF YABUCOA, on its behalf and on behalf of others similarly situated,

*Plaintiffs - Appellants,*

MUNICIPALITY OF SAN JUAN, on its behalf and on behalf of others similarly situated,

*Plaintiff,*

v.

EXXON MOBIL CORPORATION; SHELL PLC, f/k/a Royal Dutch Shell PLC; CHEVRON CORPORATION; BP PLC; MOTIVA ENTERPRISES LLC; OCCIDENTAL PETROLEUM CORPORATION, f/k/a Anadarko Petroleum Corp; BHP GROUP LIMITED; RIO TINTO PLC; CONOCOPHILLIPS COMPANY; AMERICAN PETROLEUM INSTITUTE; XYZ CORPORATIONS 1-100; JOHN AND JANE DOES 1-100,

*Defendants - Appellees,*

ARCH RESOURCES INCORPORATED, f/k/a Arch Coal, Inc.,
PEABODY ENERGY CORPORATION,

*Defendants.*

———————————

On appeal from the United States District Court for the District of Puerto Rico,
No. 3:22-cv-01550-SCC (The Honorable Silvia L. Carreño-Coll)

———————————

## RESPONSE BRIEF OF OCCIDENTAL PETROLEUM

———————————

David C. Indiano-Vicic
Joanne J. Pimentel de Jesus
INDIANO & WILLIAMS PSC
207 Parque St., 7th Fl.
San Juan, PR 00912
T: 787-641-4545

Bryan Killian
Duke K. McCall III
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, D.C. 20004
T: 202-739-3000

# CORPORATE DISCLOSURE STATEMENT

Occidental Petroleum Corporation, named incorrectly as Occidental Petroleum f/k/a Anadarko Petroleum Corp, is a publicly held corporation that has no parent corporation. Berkshire Hathaway Inc. indirectly owns 10% or more of the issued and outstanding shares of common stock of Occidental Petroleum Corporation. No other publicly traded company owns more than 10% of the common stock of Occidental Petroleum Corporation.

August 11, 2026

# CONTENTS

Corporate Disclosure Statement...............................................i

Contents..............................................................................ii

Authorities.........................................................................iii

Glossary ............................................................................iv

Introduction ....................................................................... 1

Question Presented ............................................................ 1

Background......................................................................... 1

Summary of Argument........................................................ 3

Argument............................................................................ 3

Conclusion ......................................................................... 6

Certificate of Compliance.................................................... 7

Certificate of Service ......................................................... 8

# AUTHORITIES

**Page(s)**

**Cases**

*Piazza v. Aponte Roque,*
909 F.2d 35 (1st Cir. 1990) ...............................................................4

*Sparkle Hill, Inc. v. Interstate Mat Corp.,*
788 F.3d 25 (1st Cir. 2015) ...............................................................4

*United States v. Mayendía-Blanco,*
905 F.3d 26 (1st Cir. 2018) ...............................................................4

*United States v. Zannino,*
895 F.2d 1 (1st Cir. 1990) .................................................................4

**Other Authorities**

Fed. R. App. P. 3 ...............................................................................3

Fed. R. App. P. 28(a)(5) ....................................................................4

P.R. R. Civ. P. 4.4(e) ....................................................................2, 3

Rule 4(h) ......................................................................................1, 2

Rule 12(b)(2) .....................................................................................2

Rule 12(b)(5) .....................................................................................2

# GLOSSARY

| | |
|---|---|
| Add. | Addendum to Appellants' Opening Brief |
| AOB | Appellants' Opening Brief |
| JA | Joint Appendix |
| Oxy | Appellee Occidental Petroleum Corp. |

# INTRODUCTION

The district court dismissed Oxy (and only Oxy) on service-of-process grounds. On appeal, Appellants have abandoned any effort to overturn that ruling: Appellants' Opening Brief neither mentions Oxy's dismissal nor challenges the district court's service-of-process ruling. Appellants have therefore waived any argument that Oxy belongs in this case. This Court must affirm Oxy's dismissal.

# QUESTION PRESENTED

> Must the Court affirm Oxy's dismissal because Appellants have not objected to the District Court's service-of-process ruling on appeal?

# BACKGROUND

Among the many defendants in this case, Oxy is uniquely situated because Oxy alone was not properly served with Appellants' complaint.

Rule 4(h) governs service of a corporation. Because Oxy is not a Puerto Rico company and has no registered agent in Puerto Rico, Appellants could not serve Oxy locally. So, Appellants hired a process server to serve Oxy at its headquarters in Houston, Texas.

According to the process server's submission, the process server went to Oxy's headquarters on February 13, 2023. The process server "left" the summons and complaint with an unidentified individual in "Office

Services." JA 2148. The submission indicates that, when the process server "delivered the documents to Office Services," the unidentified individual in Office Services "refuse[d] service by refusing to take [the] documents." *Id.* Appellants never again attempted to serve Oxy.

When the defendants filed joint motions to dismiss on generally applicable grounds,[1] Oxy filed an individual motion to dismiss, raising a service objection under Rule 12(b)(5) and a personal-jurisdiction objection under Rule 12(b)(2). As to service, Oxy argued that the mailroom in the building where Oxy is headquartered is not its agent for service of process. JA 2130 (citing Tex. Bus. Orgs. Code §§ 5.255, 5.201). Oxy also argued that people working in "Office Services" are not Oxy's officers, general or managing agents, or agents otherwise authorized to accept service of process on behalf of Oxy. *See id.* (discussing P.R. R. Civ. P. 4.4(e)).

In his Report and Recommendation, Magistrate Judge Ramos-Vega recommended that Oxy's individual motion be granted on service grounds. AOB, Add. 91. Appellants lodged no objection to that recommendation. *See generally* JA 63. Only in response to Oxy's individual objections to other aspects of the Magistrate Judge's recommendations, JA 63,

---

[1] Oxy joined those joint motions and still agrees with the arguments raised in the appellees' joint brief on appeal.

AOB, Add. 101, did Appellants summarily and belatedly assert that they "should be permitted to cure service if necessary." AOB, Add. 101.

In an Omnibus Opinion and Order, the District Court accepted the Magistrate Judge's recommendation to dismiss Oxy on service grounds. Considering whether to give Appellants a second chance to serve Oxy, the Court refused and accepted the Magistrate Judge's recommendation to dismiss Oxy for two reasons. First, Appellants' "failure to object" to the Magistrate Judge's dismissal recommendation was "determinative." AOB, Add. 102. Second, because the Court simultaneously dismissed the entire action as untimely, giving Appellants another chance to serve Oxy would be a "futile exercise." *Id.*

# SUMMARY OF ARGUMENT

Because Appellants' Opening Brief raises no objection to the District Court's dismissal of Oxy on service-of-process grounds, Appellants have waived any such objection, and this Court must affirm Oxy's dismissal, regardless of how the Court resolves other issues on appeal.

# ARGUMENT

A final-judgment appeal brings up all rulings rendered en route to the lower court's final decision. *See* Fed. R. App. P. 3. The precise issues on appeal become set only when the appellant files an opening brief

identifying the precise issues it wants this Court to address. *See* Fed. R. App. P. 28(a)(5); *see also Piazza v. Aponte Roque*, 909 F.2d 35, 37 (1st Cir. 1990). Any issue omitted from the opening brief is not presented on appeal, same as any argument not developed in the opening brief is waived. *See, e.g., United States v. Mayendía-Blanco*, 905 F.3d 26, 32 (1st Cir. 2018); *Sparkle Hill, Inc. v. Interstate Mat Corp.*, 788 F.3d 25, 29 (1st Cir. 2015) ("Our precedent is clear: we do not consider arguments for reversing a decision of a district court when the argument is not raised in a party's opening brief."); *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

Here, after noticing a final-judgment appeal, which brought up all the District Court's rulings, *see* JA 4407, Appellants have focused their appeal on only a few rulings. Mainly, they argue their claims are timely. *See* AOB 28–53. They also argue the District Court erred in dismissing two defendants on personal-jurisdiction grounds. *See* AOB 54–59.

Those few issues are the *only* issues on appeal—which means that Oxy's dismissal on service grounds is *not* an issue on appeal. Nowhere in Appellants' Opening Brief do they mention the District Court's dismissal of Oxy, much less develop arguments challenging the Court's reasons for

accepting the Magistrate Judge's recommendation to dismiss Oxy on service-of-process grounds. Appellants have waived any objection to Oxy's dismissal from the case.

Oxy, of course, has no problem with Appellants' decision to accept the District Court's plainly correct service-of-process ruling—same as Oxy had no problem when Appellants decided not to object to the Magistrate Judge's plainly correct recommendation that Oxy be dismissed on service-of-process grounds. Oxy files this separate brief simply to note that, in accordance with settled rules of appellate preservation, Appellants have waived any objection to Oxy's dismissal from the case. Whatever happens to the rest of the appeal—whether the Court affirms, reverses, vacates, or otherwise modifies the judgment based on the issues Appellants present on appeal—the Court must affirm Oxy's dismissal.

# CONCLUSION

The Court should affirm the dismissal of Occidental Petroleum.

Respectfully submitted,

/s/ Bryan Killian

Bryan Killian
Duke K. McCall III
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, D.C. 20004
T: 202-739-3000
bryan.killian@morganlewis.com
duke.mccall@morganlewis.com

David C. Indiano-Vicic
Joanne J. Pimentel de Jesus
INDIANO & WILLIAMS PSC
207 Parque St., 7th Fl.
San Juan, PR 00912
T: 787-641-4545
david.indiano@indianowilliams.com
joanne.pimentel@indianowilliams.com

August 11, 2026

# CERTIFICATE OF COMPLIANCE

In compliance with Fed. R. App. P. 32(g), I certify that this RESPONSE BRIEF OF OCCIDENTAL PETROLEUM complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B)(i), because, excluding the parts exempted by Fed. R. App. P. 32(f), the document contains 929 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in size 14 Century font.

/s/ Bryan Killian

# CERTIFICATE OF SERVICE

I certify that, on this August 11, 2026, I electronically filed this RESPONSE BRIEF OF OCCIDENTAL PETROLEUM with the Clerk for the United States Court of Appeals for the First Circuit. I used the Court's CM/ECF system, which serves registered CM/ECF users. All attorneys in this case are registered CM/ECF users and were served accordingly.

/s/ Bryan Killian